AUSA: DePorre Telephone: (810) 766-5177

AO 91 (Rev. 11/11) Criminal Complaint Special Agent: Bowling, ATF Telephone: (810) 341-5710

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America
v.
Domynic Syncyr Foster, Anta Lee King,
& Jeremiah James Wilbon

Case: 4:26-mj-30662
Judge: Ivy, Curtis
Filed: 10-20-2026

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 18, 2026 & May 19, 2026 in the county of Genesee in the Eastern District of Michigan, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 922(o) & 2 | Unlawful transfer and possession of machineguns |

This criminal complaint is based on these facts:

There is probable cause to believe on May 18, 2026, and May 19, 2026, in the Eastern District of Michigan, Domynic Foster, Anta King, and Jeremiah Wilbon, unlawfully transferred and possessed machineguns in violation of 18 U.S.C. §§ 922(o) and 2.

☑ Continued on the attached sheet.

*Complainant's signature*

Daniel Bowling, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

*Judge's signature*

Date: October 20, 2026

City and state: Flint, MI

Hon. Curtis Ivy, Jr., United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Daniel Bowling, being duly sworn, hereby declare and state:

1. I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") currently assigned to the Detroit Field Division, Flint Field Office. I have been employed by the ATF since July 26, 2015. As an ATF agent, I have participated in hundreds of investigations related to violations of federal gun and drug laws. I completed Special Agent Basic Training and Criminal Investigative Training at the Federal Law Enforcement Training Center. I was previously employed as a Police Officer with the Metropolitan Nashville Police Department in Nashville, Tennessee from March of 2008 through May of 2015. I have testified in court proceedings at the state and the federal level.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Domynic Syncyr Foster (DOB: xx/xx/2008), Anta Lee King (DOB: xx/xx/2004) and Jeremiah James Wilbon (DOB: xx/xx/2004). The facts in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the issuance of the requested criminal complaint and arrest warrant. It does not set forth all my knowledge of this investigation. Unless specifically indicated otherwise, the conversations and statements described are not verbatim.

3. Based on the facts set forth in this affidavit, there is probable cause to believe on May 18, 2026, and May 19, 2026, in the Eastern District of Michigan, Foster, King, and Wilbon, unlawfully transferred and possessed machineguns in violation of 18 U.S.C. §§ 922(o) and 2.

**PROBABLE CAUSE**

4. In May of 2026, an ATF confidential informant (CI) provided ATF agents information that Domynic Foster was distributing machinegun conversion devices (hereinafter MCDs) in the Flint, Michigan area. The CI advised Foster had recently had a facetime video call with the CI. During the call, Foster showed the CI he had two pistols both equipped with MCDs on the rear of the pistols. Based on my training, I am aware that Glock switches are a common type of MCD that affixes to the back of a pistol. Foster also stated he had multiple MCDs and that he would sell the CI. The CI provided an ATF agent with screenshots of the Facetime call one screenshot showed two Glock pistols with MCDs. The other showed Foster's face.

5. On May 18, 2026, Foster spoke with the CI and agreed to sell MCDs at a location in Flint, Michigan. An ATF undercover agent (UCA) accompanied the CI to the location. Before the deal, the UCA activated the audio/video recording equipment. During a recorded telephonic conversation with Foster, Foster told the CI he (Foster) was sending his associates sell the MCDs. The UCA and CI arrived at the deal location. After a brief wait, a silver Dodge Charger arrived. There were

two adult occupants in the Charger. The driver was later identified as King. The front seat passenger was later identified as Wilbon. The UCA also observed a small child in the backseat of the vehicle. During the interaction, Wilbon presented the UCA a clear plastic baggie containing two (2) MCDs. The UCA asked the price of the MCDs to which Wilbon responded, “three hundred”. The UCA presented King with $300 in cash. The UCA then observed King give a portion of the cash to Wilbon and keep some for himself. King then informed the UCA that he (King) had additional fully-automatic firearms for sale. The parties agreed to talk in the future.

6. On May 19, 2026, Foster spoke with the CI and agreed to sell MCDs at a location in Flint. During an telephonic conversation with Foster, Foster told the CI that he was sending his associates to conduct the transaction. Prior to the deal, the UCA activated the audio/video recording equipment. The UCA and CI arrived at the deal location, and after a brief wait, a red Jeep arrived. The UCA again identified Wilbon as the driver and King as the front seat passenger. The parties greeted at which time Wilbon presented the UCA with a baggie containing four (4) MCDs. The UCA asked if the parties had fired the MCDs and if the MCDs were “holding up.” Wilbon replied, “Yeah.” The UCA handed King $800 in cash. King counted the cash and handed the money to Wilbon. The parties then left the deal location.

7. I have spoken with an ATF Firearms Enforcement Officer (FEO), who determined that the six MCDs purchased by the UCA were each in fact a part

designed and intended solely and exclusively for use in converting a weapon into a machinegun, and thus they are 'machineguns' as defined under federal law.

8. Based on the foregoing, I respectfully submit that there is probable cause that on May 18, 2026, and May 19, 2026, Foster, King, and Wilbon unlawfully transferred and possessed machineguns in violation of 18 U.S.C. §§ 922(o) and 2.

Respectfully submitted,

Daniel Bowling, Special Agent
ATF

Sworn to before me and signed in my presence and/or by reliable electronic means on October 20, 2026.

Hon. Curtis Ivy, Jr.
United States Magistrate Judge